# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alan M. Seltzer, Individually and for the Estate of Anne G. Seltzer, </br></br>  Plaintiff, </br></br> v. </br></br> Gregory T. Squires, M.D., *et al*, </br></br>  Defendants. | Civil Action No. 2:19-cv-1712-RMG </br></br></br></br> **ORDER AND OPINION** |

Before the Court is Plaintiff's motion for reconsideration of the Court's denial of Plaintiff's motion to seal. (Dkt. No. 129).

On January 26, 2023, Plaintiff moved for court approval of a settlement reached in this wrongful death and survival action pursuant to S.C. Code Ann. § 15-51-42. (Dkt. No. 124).

On January 26, 2023, the Court issued a text order requiring Plaintiff to supplement his filing by providing the Court, inter alia, information regarding "the terms of any fee agreement between Plaintiff and counsel" and (6) "an itemization of all expenses and costs referenced in Paragraph 9 of the Petition." (Dkt. No. 126).

On January 27, 2023, Plaintiff moved to file under seal (1) the Attorney/Client Fee Agreement (the "Fee Agreement") between himself and Plaintiff's counsel and (2) an accounting of costs in this case. (Dkt. No. 128).

That same day, the Court denied the motion to seal because it did not meet the standard for sealing in this Circuit. (Dkt. No. 128).

Later that same day Plaintiff moved for reconsideration of the above denial. (Dkt. No. 129).

The public has a strong interest in access to court documents.

1

> The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.

*Hill v. Kenworth Truck Co.,* Civil Action No. 2:07–0223, 2008 WL 4058426, at *1 (S.D.W.Va. Aug. 26, 2008) (unpublished) (internal citations omitted).

> The common law presumes a right of the public to inspect and copy all judicial records and documents. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.

*Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir.2004) (internal quotation marks and citations omitted). Under the common law balancing test, some of the factors

> include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*Id.* (quoting *In re Knight Publ'ng Co.,* 743 F.2d 231, 235 (4th Cir.1984)). The right to access judicial records under the First Amendment

> has a more limited scope than the common law right, having only been extended ... to particular judicial records and documents. The First Amendment right of access attaches if: (1) the place and process have historically been open to the press and general public; and (2) public access plays a significant positive role in the functioning of the particular process in question.

*Hill,* 2008 WL 4058426, at *2 (internal quotation marks and citations omitted). The party seeking to restrict access bears the burden of overcoming a First Amendment right to access claim and must present specific reasons to support restriction of access. *Id.* at *3.

The Court finds that Plaintiff has not met his burden of showing a significant interest outweighs the presumption of access.

As to the Fee Agreement, the Court reaffirms its prior ruling that the document should not be sealed. Contrary to Plaintiff's conclusory contentions, there is no confidential business information contained therein.  The Fee Agreement states, in pertinent part, the contingency fee for Plaintiff's counsel's work in this matter. The Fee Agreement appears to otherwise be an ordinary attorney-client contract.  And S.C. Code Ann. § 15-51-42 requires a public hearing to approve settlement of wrongful death and survival actions and explicitly directs this Court to consider the terms and provisions of the agreement with respect to attorney's fees and costs.  *See Martin v. Am. Honda Motor Co.*, 940 F. Supp. 2d 277, 280 (D.S.C. 2013) (denying motion to seal amount of settlement and noting "[t]he court is required to undertake an independent review of settlements in wrongful death and survival actions to determine whether the settlements are fair and reasonable. The court cannot determine the reasonableness of a settlement without consideration of the financial terms of the settlement. . . .The terms of the settlement agreement will become part of the judicial record as a matter of necessity"). In sum, as to the Fee Agreement, Plaintiff has not met his burden of showing "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575.

As to Plaintiff's accounting of costs in this case, the Court again finds Plaintiff has not met his burden of rebutting the public's right of access to court records.  Plaintiff states that "items such as the costs we pay our experts and consultant witnesses can reveal to the Defendants when and how our law firm prepares for trial" and that "these types of trial preparation costs would fall under the protections afforded by the Attorney Client and Work Product privileges." (Dkt. No. 129 at 3). Beyond failing to cite any case law to support said argument, a review of the document at

3

issue confirms it contains no privileged information. Further, under S.C. Code Ann. § 15-51-42 the Court is required to publicly approve settlements in wrongful death and survival actions. Information about costs "will become a part of the judicial record as a matter of necessity." *Martin*, 940 F. Supp. at 280. Again, Plaintiff has not met his burden of showing "countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police*, 386 F.3d at 575.

For the reasons stated above, Plaintiff's motion for reconsideration (Dkt. No. 129) is **DENIED.**

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

January 30, 2023
Charleston, South Carolina

4